UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

ARMAH JOHNSON   ,                ) Case No. CV 16-8359-DOC (AS)
                                 )
               Petitioner,       ) **ORDER OF DISMISSAL**
                                 )
                                 )
     v.                          )
                                 )
Warden C. PFEIFFER,              )
                                 )
               Respondent.       )
_____)

## I.  BACKGROUND

On November 9, 2016, Armah Johnson ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition") (Docket Entry No. 1). Petitioner challenges his 2001 convictions for second degree murder in violation of California Penal Code ("P.C.") § 187 and possession of a firearm by a felon in violation of P.C. § 12021(a)(1) and the 40-years to life sentence imposed for those convictions in Los

1

Angeles County Superior Court (Case No. SA039025).[1]  The Petition
alleges the following grounds for federal habeas relief: (1) "The
trial court permitted Petit[ioner's] credibility as a witness in
his own behalf to be impaired by fundamentally unfair means"; (2)
"Petit[ioner's] conviction resulted from a jury instruction which
ommitted an essential element of the charged offense"; (3)
"Petit[ioner] was given unconstitutional multiple sentences for
committing a single criminal act"; (4) "Petit[ioner] was given a
sentence that was unconstitutionally excessive, because it
exceeded the maximum sentence that the Legislature intended"; (5)
"The faulty instruction listen [sic] 'intent to kill' as an
element of voluntary manslaughter effectively relieved the
prosecution of its constitutional burden to disprove 'heat of
passion' in making a case for second degree murder"; (6)
"Petit[ioner's] counsel had a conflict of interest which
materially compromised the defense"; (7) "Petit[ioner] was
convicted on the basis of a guilty pleas that was a product of
ineffective assistance of counsel"; and (8) "Petit[ioner] was
denied Due Process by the combined effect of the indivisuallly
[sic] harmless error[s] which, in combination, rendered the
defense far less persuasive than it otherwise would have been."
(Petition at 5-6, Attachment).


    On December 8, 2004, Petitioner filed a Petition for Writ of

---

[1]    Petitioner did not state the offenses for which he was
convicted or his sentence.  That information was obtained from
Armah Victor Johnson v. A.K. Scribner, Case No. CV 05-00593-DOC
(VBK), Docket Entry No. 58 at 2.  See also People v. Johnson, 98
Cal.App.4th 566, 569-70 (2002).

Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. See <u>Armah Victor Johnson v. A.K. Scribner</u>, Case No. CV 05-00593-DOC (VBK)(Docket Entry Nos. 1, 3) ("prior habeas action"), in which he challenged the same 2001 convictions and sentence. On February 15, 2008, the Court issued an "Order (1) Accepting and Adopting the Report and Recommendation of the United States Magistrate Judge, and (2) Dismissing the Petition for Writ of Habeas Corpus" and a Judgment dismissing the action with prejudice. (<u>Id.</u>; Docket Entry Nos. 67-68). On April 25, 2008, the Court denied Petitioner's application for a certificate of appealability. (<u>Id.</u>; Docket Entry No. 70). On December 8, 2008, the Ninth Circuit Court of Appeals denied Petitioner's request for a certificate of appealability. (<u>Id.</u>; Docket Entry No. 75).

## II.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted on April 24, 1996, provides in pertinent part that:

> (a) No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in §2255.
>
> (b)(1) A claim presented in a second or successive

3

habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--

(A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

(B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

(ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

4

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a Petition for Rehearing or for a Writ of Certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.  28 U.S.C. § 2244.

28 U.S.C. § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.   The prospective applicant must file in the court of appeals a motion for leave to file a second or successive habeas application in the district court. § 2244(b)(3)(A)." Felker v. Turpin, 518 U.S. 651, 657, 116 S.Ct. 2333, 135 L.Ed 2d 827 (1996).

The instant Petition and the prior habeas action both challenge Petitioner's custody pursuant to the same 2001 judgment entered by the Los Angeles County Superior Court.  Accordingly,

the instant Petition, filed on November 9, 2016, well after the effective date of the AEDPA, is a second or successive habeas petition for purposes of 28 U.S.C. § 2244. Therefore, Petitioner was required to obtain authorization from the Court of Appeals before filing the present Petition. <u>See</u> 28 U.S.C. §2244(b)(3)(A). No such authorization has been obtained in this case.

Moreover, the claims asserted in the instant Petition do not appear to fall within the exceptions to the bar on second or successive petitions because the asserted claims are not based on newly discovered facts or a "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." <u>Tyler v. Cain</u>, 533 U.S. 656, 662 (2001). However, this determination must be made by the United States Court of Appeals upon a petitioner's motion for an order authorizing the district court to consider his second or successive petition. 28 U.S.C. § 2244(b); <u>see also</u> <u>Burton v. Stewart</u>, 549 U.S. 147, 157 (2007) (where the petitioner did not receive authorization from the Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); <u>Barapind v. Reno</u>, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). Because Petitioner has not obtained authorization from the Ninth Circuit Court of Appeals, this Court cannot entertain the present Petition. <u>See</u> <u>Burton v. Stewart</u>, <u>supra</u>.

**III.  ORDER**

    ACCORDINGLY, IT IS ORDERED that the Petition be dismissed without prejudice.


    LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED:     November 18, 2016


                              _____
                              DAVID O. CARTER
                              UNITED STATES DISTRICT JUDGE